### APPEAL OF JOHN J. MADDEN.

Docket No. 2229.    Submitted May 7, 1925.    Decided September 30, 1925.

> In 1893 the taxpayer acquired a lot and built a residence thereon which he occupied continuously from 1893 to the date of sale in 1919; the loss sustained by the taxpayer upon the sale computed upon the March 1, 1913, value and undepreciated cost of improvements made subsequent thereto is $9,976.14. *Held*, that the loss, if any, sustained upon the sale is not a legal deduction from gross income in the taxpayer's return for 1919.

*Frank C. Olive, Esq.*, and *George S. Olive, C. P. A.*, for the taxpayer.

*Benjamin H. Saunders, Esq.*, for the Commissioner.

Before LITTLETON, SMITH, and TRUSSELL.

This appeal is from the determination of deficiencies in income tax for the years 1919, 1920, and 1921 in the aggregate amount of $9,009.50, only a part of which is in controversy. The taxpayer alleges error on the part of the Commissioner in determining the amount of the deficiency in that he has disallowed the deduction from gross income for the year 1919 of $9,976.14, alleged loss on the sale of the taxpayer's residence during the year, and also in the computation of the amount of tax due for the same taxable year.

### FINDINGS OF FACT.

In 1893 the taxpayer, who was soon to be married, bought a vacant lot in The Morton Place, a residential addition to Indianapolis, Ind.

The cost of the lot was $2,500. In 1893 he built a house thereon to be occupied by him as a residence at a cost of $5,500, other costs including street, sewer assessments, and miscellaneous improvements, increasing the cost to approximately $11,500 prior to the year 1913. The March 1, 1913, value of the house and lot was approximately $10,000. In 1913 the taxpayer started in business for himself under the name and style of John J. Madden Manufacturing Co. In order to procure credit for his business this residence property with other property was appraised and set up on his business books as an asset at a value of $10,000. In this year he made attempts to sell the property to raise cash for his business, but was unable to do so at what he regarded a fair price. He was advised that it would be necessary to remodel and improve the house in order to sell it to advantage. In the years 1915 and 1916 he spent $12,968.80 additional in the remodeling operations. The property was thereafter placed in the hands of real estate agents who endeavored to sell it at a price of $22,500. In 1919 the taxpayer was hard pressed for funds to carry on his business operations and the property was finally sold in 1919 at a price of $13,400, out of which the taxpayer paid real estate commission and expenses amounting to $407.34, making the sale price net to the taxpayer $12,992.66. From 1893 to the date of sale in 1919 the taxpayer occupied the premises as a residence, but from 1913 carried the estimated value of the property as an asset upon his books of account.

The taxpayer computed the loss upon the sale of the property in question as follows:

| | | |
|---|---|---|
| Market value Mar. 1, 1913 | | $10,000.00 |
| Additions in 1915 and 1916 | | 12,968.80 |
| Total | | 22,968.80 |
| Sale price | $13,400.00 | |
| Less commission | 407.34 | |
| | | 12,992.66 |
| Loss on sale | | 9,976.14 |

This alleged loss on the sale of the property was claimed as a deduction from gross income in the taxpayer's income-tax return for 1919, but the deduction was disallowed by the Commissioner in an audit of the return.

### DECISION.

The determination of the Commissioner is approved.

OPINION.

SMITH: The taxpayer alleges error on the part of the Commissioner in the determination of a deficiency in income tax for the year 1919, in that he disallowed the deduction from gross income of a claimed loss upon the sale of the taxpayer's residence of $9,976.14, and in that he erroneously computed the taxpayer's income-tax liability after the disallowance of such deduction.

The facts relative to the transaction resulting in the claimed loss, upon the sale of the taxpayer's residence in 1919, of $9,976.14 are fully set forth in the findings. The taxpayer claims that he is entitled to deduct the amount of the claimed loss under the provisions of section 214(a)(5) of the Revenue Act of 1918, which section permits the deduction from gross income in an individual tax return of "losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business; * * *." The Commissioner has disallowed the deduction on the ground that the alleged loss was not incurred in any transaction entered into for profit.

We think that the position of the Commissioner is correct. The evidence shows that the taxpayer purchased the lot in 1893 and built a residence thereon with the expectation that he and his wife should occupy it as a residence. They did occupy it as such from 1893 to the date of sale in 1919. The taxpayer tried to sell the property in 1913 or 1914 and was advised by real estate men that before it could be sold to advantage improvements would have to be made upon it. Upon such advice he made improvements to the property costing him in excess of $12,000. But he continued to occupy the house as a residence for several years after the improvements were made. The house was built originally to meet the taxpayer's requirements for a home, and it was remodeled in 1915 and 1916. We do not think that the evidence shows that the transaction was one entered into for profit.

In his petition the taxpayer alleges error on the part of the Commissioner in determining his tax liability for the year 1919 upon an alleged net income of $102,549.42. He alleges that the amount of tax, if computed correctly, would be $5,687.24 instead of $6,002.24. Proof as to the alleged error was not presented at the hearing.

ARUNDELL not participating.